IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RONALD KNAUSS,** | : | **CIVIL NO. 1:CV-08-1698** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| **ROBERT D. SHANNON,** *et al.*, | : | |
| Defendants | : | |

## M E M O R A N D U M

Before the court are two motions for an order compelling the Defendants in the above-captioned case to produce documents, filed by Plaintiff Joseph Ronald Knauss. (Docs. 59 & 63.) For the reasons that follow, the motions will be denied.

### I.     Background

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 15, 2008, while confined at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania ("SCI-Fayette"). (Doc. 1.) An amended complaint was filed on September 25, 2008, (Doc. 9), and the court directed service of the amended complaint on the named Defendants on September 30, 2008, (Doc. 10). Plaintiff sets forth allegations against several employees of the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), his former place of

confinement.[1]  He contends that Defendants violated his constitutional rights on July 12, 2008 when he was called into the unit manager's office at SCI-Frackville and assaulted by Defendant Hannon.  He claims that when he was placed in administrative custody while prison officials investigated the July 12 incident, he was denied food trays, recreation, and showers.  He further claims that on July 15, 2008, Defendant Shannon destroyed Plaintiff's legal books, legal mail, and grievances in connection with the July 12 incident and his subsequent placement in administrative custody.  As relief he seeks compensatory and punitive damages.

Defendants filed an answer to the amended complaint on December 5, 2008. (Doc. 27.)  Since that time, the parties have been engaging in discovery. Currently, the deadline for completion of discovery is May 11, 2009.  (*See* Doc. 73.)  Outstanding, in part, are issues relating to the production of documents. Those issues will be discussed herein.

II.  **Discussion**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  The polestar of

---

[1] Plaintiff names as defendants in the amended complaint Robert D. Shannon, Warden of SCI-Frackville; Winston Wagner, a correctional officer at SCI-Frackville; and Joseph Hannon, sergeant/correctional officer at SCI-Frackville.

discovery is relevance. Relevance for discovery purposes is defined broadly. The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(b)(2) authorizes a court to limit discovery where

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). However, when there is no doubt about relevance, a court should tend toward permitting discovery. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265-66 (E.D. Pa. 1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional

disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

On March 9, 2009, Defendants responded to Plaintiff's second request for production of documents. (*See* Doc. 74-2.) Defendants answered the request by providing information related to the case or by objecting on the basis of relevancy, privilege, or security concerns. At issue here are Plaintiff's objections to Defendants' answers to four requests for production of documents.[2] In his motions to compel (Docs. 59 & 63), Plaintiff is requesting that the court direct Defendants to provide further responses to the request for production of documents at issue. On March 27, 2009, the court directed Defendants to notify the court of the status of Plaintiff's discovery requests. (Doc. 71.) Defendants responded on April 3, 2009. (Doc. 74.) The court will now review Plaintiff's objections by specific document request in an effort to resolve the instant discovery dispute and place the case back in a posture to be resolved.

---

[2] In the heading of his motion to compel filed February 25, 2009, Plaintiff also claims to be seeking answers to a second set of interrogatories. (Doc. 59.) However, the motion itself makes no mention of such interrogatories. Thus, the court will not address the second set of interrogatories here.

### A. Taped Telephone Conversations

In his first request, Plaintiff requested taped phone conversations of SCI-Frackville guards and staff from March 14, June 11 and 12, 2008. (*See* Docs. 59 & 63.) Defendants initially responded to this request as being over burdensome and not likely to lead to any relevant discoverable material. (Doc. 74-2 at 1.) Further, in response to the court's March 27, 2009 order, Defendants indicate that phone conversations made by guards or staff at the institution to others are not recorded. (Doc. 74 at 2.) As such, there are no such taped conversations existing in response to this request.

The court finds this to be a sufficient answer to this request and will not direct a more specific answer in response to the instant motions to compel. Thus, the motions to compel with respect to this request will be denied.

### B. Inmate Property Records

In his second request, Plaintiff requested his "complete inmate profile containing inmate property forms." (Doc. 59.) In their response to the court's order dated March 27, 2009, Defendants assert that SCI-Frackville officials have indicated that they do not possess Plaintiff's inmate property forms. (Doc. 74 at 2.) In addition, Defendants have contacted officials at SCI-Fayette, where Plaintiff is currently incarcerated, in order to determine whether they have any documents related to this request. (*Id*. at 2-3.) An investigator has been assigned

to determine whether these documents exist, and Defendants indicate that they believe they can respond to Plaintiff's request prior to the deadline for completion of discovery. (*Id*. at 3.)

The court finds this to be a sufficient answer to this request and will not direct a more specific answer in response to the instant motions to compel. Thus, the motions to compel with respect to this request will be denied.

### C. Cameras at SCI-Frackville

In his third request, Plaintiff requested the cameras at SCI-Frackville. (Doc. 59.) In response, Defendants objected to the request, informing Plaintiff that there exists no video footage related to his claims. (Doc. 74-2 at 2.) Further, in response to the court's March 27, 2009 order, Defendants indicate that they have previously informed Plaintiff that security tapes made at the institution are only kept for thirty days unless there is an obvious and immediate reportable incident recorded. (Doc. 74 at 3.)

The court finds this to be a sufficient answer to this request and will not direct a more specific answer in response to the instant motions to compel. Thus, the motions to compel with respect to this request will be denied.

### D. Inmate Handbook

In his final request, Plaintiff requested the DOC's inmate handbook. (Doc. 59.) In response, Defendants objected, informing Plaintiff that he should already

6

have a copy of the handbook, which is provided to inmates upon their inception to the DOC. (Doc. 74-2 at 2.) In response to the court's March 27, 2009 order, Defendants also indicate that a copy of the inmate handbook is available for all inmates in SCI-Fayette's library. (Doc. 74 at 4.)

The court finds this to be a sufficient answer to this request and will not direct a more specific answer in response to the instant motions to compel. Thus, the motions to compel with respect to this request will be denied.

### III.  Conclusion

Based on the foregoing, it is clear that Defendants have largely complied, in a good faith effort, with the request for production of documents served upon them by Plaintiff. As such, Plaintiff's motions to compel (Doc. 59 & 63) will be denied.

An appropriate order follows.

             s/Sylvia H. Rambo
             United States District Judge

Dated: April 9, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RONALD KNAUSS,** | : | **CIVIL NO. 1:CV-08-1698** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **ROBERT D. SHANNON,** *et al.*, | : | |
| **Defendants** | : | |

## **O R D E R**

**AND NOW**, this 9th day of April, 2009, upon consideration of Plaintiff's motions for an order compelling Defendants to produce documents (Docs. 59 & 63), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motions to compel (Docs. 59 & 63) are **DENIED**.

                                              s/Sylvia H. Rambo
                                              United States District Judge